# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ROBERT SEABRUM,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:18-cv-59

(Case No.: 2:16-cr-16)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Robert Seabrum ("Seabrum"), who is currently housed at the Federal Correctional Institution-Williamsburg in Salters, South Carolina, has filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Seabrum also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) The Court **DISMISSES as moot** Seabrum's Motion for Leave to Proceed *in Forma Pauperis*. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Seabrum's Section 2255 Motion, **DENY** Seabrum *in forma pauperis* status on appeal and a Certificate of Appealability, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

Seabrum was charged by information with two counts of travel in interstate commerce for purposes of prostitution, in violation of 18 U.S.C. § 2421.[1] Information, United States v.

---

[1] Seabrum was originally charged in an indictment of: conspiracy to make money by engaging in interstate prostitution, in violation of 18 U.S.C. § 371; sex trafficking of a minor, in violation of 18 U.S.C. § 1591; transportation with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a); coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Indictment, United States v. Seabrum, 2:16-cr-9 (S.D. Ga. Mar. 3, 2016), ECF No. 1. The Government

Seabrum, 2:16-cr-16 (S.D. Ga. July 1, 2016), ECF No. 1. Seabrum entered into agreement with the Government to plead guilty to both counts of the information, and, in exchange, the Government would move to dismiss the indictment against Seabrum in Case Number 2:16-cr-9. Plea Agreement, United States v. Seabrum, 2:16-cr-16 (S.D. Ga. July 7, 2017), ECF No. 12. On February 10, 2017, the Honorable Lisa Godbey Wood entered judgment against Seabrum as to both counts of the information and sentenced him to sixty (60) months as to each count, to be served consecutively; Judge Wood also dismissed all counts of the indictment in Case Number 2:16-cr-9. J., United States v. Seabrum, 2:16-cr-16 (S.D. Ga. Feb. 10, 2017), ECF No. 15. Seabrum did not file a direct appeal.

## DISCUSSION

On May 8, 2018, Seabrum filed the instant Section 2255 Motion, and it was filed in this Court on May 14, 2018. (Docs. 1, 1-1.) Seabrum generally alleges his attorney, Richard Allen, rendered ineffective assistance during the plea and sentencing phases of his criminal proceedings. (Doc. 1.)

This Court examines whether Seabrum timely filed his Motion. Rule 4 of the Rules Governing Section 2255 Proceedings ("The judge who receives the motion must promptly examine it. If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

**I. Seabrum's Motion for Leave to Proceed *in Forma Pauperis***

As noted above, Seabrum filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) The Court **DISMISSES as moot** Seabrum's Motion, as there is no filing fee applicable to Section 2255 motions. Rule 3, Rules Governing Section 2255 Proceedings for the United States District

---

moved for dismissal of the indictment against Seabrum in Case Number 2:16-cr-9 during his sentencing in Case Number 2:16-cr-16. Plea Agreement, United States v. Seabrum, 2:16-cr-16 (S.D. Ga. July 7, 2017), ECF No. 12.

Courts, Advisory Committee's Note to 1976 Adoption ("There is no filing fee required of a movant under these rules[]" "to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack."); cf. 28 U.S.C. § 1914(a).

## II.     Whether Seabrum Timely Filed his Section 2255Motion

To determine whether Seabrum filed his Section 2255 Motion in a timely manner, the Court must look to the applicable statute of limitations periods. Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Seabrum was sentenced to 120 months' imprisonment on February 8, 2017, and the Court's final judgment was entered on February 10, 2017. Min. Entry & J., United States v. Seabrum, 2:16-cr-16 (S.D. Ga. Feb. 8 and 10, 2017), ECF Nos. 14, 15. Seabrum had fourteen (14) days, or until February 24, 2017, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Seabrum did not file an

appeal, he had until February 24, 2018, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). Seabrum did not execute his Section 2255 motion until May 8, 2018, which was nearly three (3) months after the expiration of the applicable statute of limitations period. Consequently, Seabrum's Motion is untimely under Section 2255(f)(1). Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late.") (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999)). Seabrum fails to argue that he is entitled to the statute of limitations periods as set forth in Sections 2255(f)(2), (3), or (4). Thus, the Court must now determine whether Seabrum is entitled to equitable tolling of the applicable statute of limitations period.

## II.     Whether Seabrum is Entitled to Equitable Tolling

Seabrum seems to recognize he does not meet the one-year statute of limitations period, but he offers no reason in his Motion why the applicable statute of limitations does not bar his Motion. (Doc. 1, pp. 10–11.) In his supporting Brief, however, he provides as an explanation for this untimely filing that "Georgia law and federal rules of criminal procedure make[] clear that a sentencing court has jurisdiction to examine a [Section 2255 motion] outside the sentencing term, if [the movant] alleges that a sentence is void." (Doc. 1-1, p. 10.)

The applicable limitation is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing.'" Williams v. United States, 586 F. App'x 576, 576 (11th Cir.

4

2014) (per curiam) (quoting Holland, 560 U.S. at 649). Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). "The [movant] bears the burden of proving his entitlement to equitable tolling", Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both." Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)).

There is nothing before the Court indicating that Seabrum employed any measures whatsoever to file a timely Section 2255 Motion. Seabrum failed to contact this Court prior to executing his Motion on May 8, 2018, or to take any course of action to show he was pursuing his rights—diligently or otherwise. The Eleventh Circuit Court of Appeals "has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test." Jackson v. Astrue, 506 F.3d 1349, 1356 (11th Cir. 2007) (citing Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to equitably toll Antiterrorism and Effective Death Penalty Act's statute of limitations on the basis of Sandvik's attorney's negligence); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.").

In fact, the Eleventh Circuit has noted the statute of limitations period is applicable even in those instances in which a movant attacks the district court's jurisdiction. Williams v. United

States, 383 F. App'x 927, 929 (11th Cir. 2010) (per curiam) (citing United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007)); Belsar v. Shepard, Civil Action No. 1:15-CV-4147-TWT-JFK, 2016 WL 3675562, at * 2 (N.D. Ga. June 8, 2016) (noting petitioner was incorrect that statute of limitations periods do not apply to deficient indictment or void sentence claims); Wilwant v. Stephens, No. 4:13-CV-276-A, 2013 WL 3227656, at *2 (N.D. Tex. June 25, 2013) ("[A] federal petitioner cannot evade the effect of the statute of limitations by the 'simple expedient' of arguing that his conviction or sentence is void.").

Seabrum fails to show that he was pursuing his rights diligently and that some extraordinary circumstance prevented him from filing his Section 2255 Motion prior to May 8, 2018. Consequently, Seabrum is not entitled to the equitable tolling of the applicable statute of limitations period, and his Section 2255 Motion is time barred. Thus, the Court should **DISMISS** Seabrum's Section 2255 Motion.

### III. Leave to Appeal *in Forma Pauperis* and a Certificate of Appealability

The Court should also deny Seabrum leave to appeal *in forma pauperis*. Though Seabrum has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly

baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas or section 2255 proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Seabrum's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the

Court adopts this recommendation and denies Seabrum a Certificate of Appealability, Seabrum is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Seabrum *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Seabrum's Section 2255 Motion, **DENY** Seabrum *in forma pauperis* status on appeal, and **DENY** Seabrum a Certificate of Appealability. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Seabrum.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of June, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA